IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA §
§
V. §
§   No. 3:26-mj-10-BN
AARON TYRONE BETFORD, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER DENYING
## THE GOVERNMENT'S MOTION FOR DETENTION

Defendant Aaron Tyrone Betford is charged with Unlawful Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1) in a criminal complaint filed in this district.

The government moved for Defendant's pretrial detention under 18 U.S.C. § 3142.

On January 9, 2026, the Court held a preliminary hearing and a hearing on the government's motion for detention. Defendant appeared in person and through counsel. The government appeared through an Assistant United States Attorney for the Northern District of Texas.

On the record at the end of the hearing on January 9, 2026, the Court found probable cause to believe that Defendant committed the offense conduct alleged in the complaint in this case and determined, for the reasons explained on the record and further explained below, that Defendant should be released on conditions under 18 U.S.C. § 3142(c)(1) while this case is pending.

-1-

## I. Eligibility for a detention hearing

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

"[18 U.S.C.] § 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [seven circumstances listed in (f)(1)(A), (f)(1)(B), (f)(1)(C), (f)(1)(D), (f)(1)(E), (f)(2)(A), and (f)(2)(b)]." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992).

"A hearing can be held only if one of the [seven] circumstances listed in (f)(1) and (2) is present; detention can be ordered only after a hearing is held pursuant to § 3142(f)." *Id.*

"Section 3142(f) specifies the circumstances under which a detention hearing must be held, including: a case involving a crime of violence; an offense with a maximum sentence of life imprisonment or death; certain drug offenses with a maximum term of imprisonment for ten years or more; a felony offense if the defendant has two or more previous conviction that would quality under the preceding subsections; a serious risk that the person will flee; or a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror." *United States v. Okhumale*, 813 F. App'x 936, 938 (5th Cir. 2020) (cleaned up). 18 U.S.C. § 3142(f)(1)(E) also provides for a hearing, "on motion of the attorney for the Government, in a case that involves … any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a

firearm or destructive device (as those terms are defined in [18 U.S.C. §] 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code."

"Detention can be ordered, therefore, only in a case that involves one of the [seven] circumstances listed in (f), and in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Byrd*, 969 F.2d at 109.

That is, ordering pretrial detention under Section 3142 "requires both the presence of one of the circumstances outlined in § 3142(f) and a determination under § 3142(e) that the no conditions imposed could either assure the appearance of the defendant or the safety of the defendant and community." *Okhumale*, 813 F. App'x at 939 (cleaned up).

And, so, as the United States Court of Appeals for the Fifth Circuit has confirmed, "[t]here can be no doubt that [the Bail Reform Act of 1984] clearly favors nondetention," and a defendant's "threat to the safety of any other person or the community, in the absence of one of the [seven] specified circumstances, [cannot] justify detention under the Act." *Byrd*, 969 F.2d at 109-10; *accord Okhumale*, 813 F. App'x at 939.

In this case, Defendant is eligible for pretrial detention under 18 U.S.C. § 3142(f)(1)(E) because Defendant is charged by a criminal complaint with – and the Court has found probable cause to believe that he committed – a felony that is not

-3-

otherwise a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) but that involves the possession of a firearm.

## II. Burden on government's motion for pretrial detention

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

On a motion for detention under 18 U.S.C. § 3142, the government always must prove either

- by, a preponderance of the evidence, that there is no condition or combination of conditions that could be set to reasonably assure the defendant's appearance as required or,
- by clear and convincing evidence, that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if the defendant were released.

18 U.S.C. § 3142(f); *United States v. Westbrook*, 780 F.2d 1185, 1189 & n.6 (5th Cir. 1986); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992); *accord Westbrook*, 780 F.2d at 1188-89 & n.5.

But, under 18 U.S.C. § 3142(b), the Court must "order the pretrial release of the person unless the person is a flight risk or danger to the community." *United*

*States v. Baltazar-Sebastian*, 990 F.3d 939, 944 (5th Cir. 2021) (cleaned up); *accord Byrd*, 969 F.2d at 109.

And, so, "[i]n making a pretrial detention determination, a judicial officer must bear in mind that passage of the pretrial detention provision of the 1984 [Bail Reform] Act did not ... signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial" and that, "[r]ather, Congress was demonstrating its concern about a small but identifiable group of individuals as to whom pretrial release is inappropriate." *Westbrook*, 780 F.2d at 1189 (cleaned up).

Under Section 3142, "pretrial release is not inappropriate – that is, pretrial detention is not required – in every case in which the government charges a defendant with a crime that is considered particularly serious (which are generally the only offenses for which detention is authorized at all under 18 U.S.C. § 3142(f)), or for which the government has strong evidence, or for which the defendant is exposed to a lengthy sentence." *United States v. Roberson*, 547 F. Supp. 3d 560, 565 (N.D. Tex. 2021).

"There is a difference under the Bail Reform Act between (1) the universe of people whom prosecutors and law enforcement agents consider to be 'bad men' – or have probable cause to believe are involved with or connected to criminal activity that may be particularly repugnant or traumatizing or scary – and (2) the universe of people whom the governing legal standards consider to be, even with restrictive conditions, too dangerous going forward after arrest to be released while their cases are pending." *Id.* at 566.

## III.  Standards for pretrial detention versus release

Under 18 U.S.C. § 3142, the Court is presented with essentially three questions:

1. Does the defendant pose a risk, danger, or threat going forward not to appear as required or to endanger the safety of the community or any other person?
2. If so, are there conditions of release that will reasonably assure the defendant's appearance as required and the safety of any other person and the community if the defendant is released?
3. And, if so, is there evidence that the defendant is unlikely to comply with those conditions – that is, that the Court cannot be reasonably assured that the defendant will comply with the least restrictive combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community while Defendant is on release?

At bottom, the issue is whether, pursuant to Section 3142(e)(1), any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community. Or, put another way, can the defendant be subjected to conditions of release that will reasonably assure (not guarantee) that he will not engage in harmful or illegal conduct in general or toward a specific person – and that he will show up to court and for other court-obligations as required – if he is released? *See Roberson*, 547 F. Supp. 3d at 566.

To prove that the defendant cannot based on danger to the community or another person, the government must prove by clear and convincing evidence that the defendant presents an identified and articulable – and future or ongoing – threat to a person or the community and that this demonstrable danger is one that no condition or combination of conditions of release can reasonably be expected to dispel. *See United States v. Salerno*, 481 U.S. 739, 751 (1987); *accord Foucha v. La.*, 504 U.S.

-6-

71, 81 (1992); *United States v. Munchel*, 991 F.3d 1273, 1282-83 (D.C. Cir. 2021); *Roberson*, 547 F. Supp. 3d at 566-67. "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *United States v. Jackson*, 19 F.3d 1003, 1007 (5th Cir. 1994) (cleaned up).

Whether a defendant poses a particular threat depends on the nature of the threat identified and a defendant's resources and capabilities. And, so, for example, whether a defendant poses a threat of dealing drugs may depend on her past experience and whether she has the means to continue to do so in the future. *See Munchel*, 991 F.3d at 1283.

To prove that there is no condition or combination of conditions that could be set to reasonably assure the defendant's appearance as required, the government must make a showing that allows the Court to determine, from the information before it, that it is more likely than not that no condition or combination of conditions will reasonably assure the defendant's appearance as required. *See Fortna*, 769 F.3d at 250.

And the defendant's potential for compliance with release conditions is relevant to the detention inquiry, and the Court can consider whether it believes the defendant will abide by its conditions when making the release determination in the first instance under 18 U.S.C. § 3142. *See Munchel*, 991 F.3d at 1280-81. But

-7-

detention under 18 U.S.C. § 3142 cannot be based only on a finding that the defendant is unlikely to comply with conditions of release absent the requisite finding of dangerousness or risk of flight. *See id.* at 1283.

If the Court determines that the government has not met its burden to show that detention is required based on the lack of reasonable assurance of either the defendant's appearance as required or the safety of others or the community, the Court is required to order the defendant's pretrial release on personal recognizance, or on an unsecured appearance bond, subject to the condition that the defendant must not commit a Federal, State, or local crime during the period of release and subject to the condition that the defendant must cooperate in collecting a DNA sample if required by federal statute – unless the Court determines that release on personal recognizance or an unsecured appearance bond will not reasonably assure the defendant's appearance as required or will endanger the safety of any other person or the community. *See* 18 U.S.C. § 3142(b); *Byrd*, 969 F.2d at 109.

If release under 18 U.S.C. § 3142(b) on personal recognizance or an unsecured appearance bond will not reasonably assure the defendant's appearance as required or will endanger the safety of any other person or the community, the Court is directed under 18 U.S.C. § 3142(c)(1)(B) to release the defendant subject to the least restrictive further condition or combination of conditions that the Court determines will reasonably assure the defendant's appearance as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(c)(1)(B); *accord Byrd*, 969 F.2d at 108.

-8-

That is, "[i]f conditions of pretrial release are reasonably necessary to assure the appearance of the defendant in court or to prevent endangering the safety of others [or the community], then the court shall order the defendant released 'subject to the least restrictive further condition, or combination of conditions,' to achieve those goals." *United States v. Davis*, No. 23-50917, 2024 WL 3372682, at *2 (5th Cir. July 11, 2024) (quoting 18 U.S.C. § 3142(c)(1)(B)).

In setting conditions under Section 3142(c)(1), the Court's task, then, is to identify and impose the least restrictive combination of conditions that will reasonably assure – not guarantee – the defendant's appearance as required and the safety of any other person and the community while the defendant is on release. *See Fortna*, 769 F.2d at 250; *United States v. Barker*, No. 3:16-cr-516-D, 2017 WL 345643, at *13 (N.D. Tex. Jan. 24, 2017). And, so, under Section 3142(c), conditions are not "presumptively appropriate" just because "they would not cause a defendant harm or injury" – rather, any condition of release must be "part of the least restrictive combination of conditions that will reasonably assure [] defendants' appearances as required and the safety of any other person and the community while they are on release pending trial." *Barker*, 2017 WL 345643, at *15.

"The Bail Reform Act includes a non-exhaustive list" under 18 U.S.C. § 3142(c)(1)(B) "of additional conditions" that "may be imposed to assure appearance" or the safety of other persons or the community and includes, as a catch-all, "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18

U.S.C. § 3142(c)(1)(B)(i)-(xiv); *United States v. Aziz*, No. 21-40878, 2022 WL 1056102, at *3 (5th Cir. Apr. 8, 2022).

And, under Section 3142(c)(1)(B)(xiv), courts do sometimes impose conditions of pretrial release that attempt to prevent or reduce the risk that a defendant will engage in similar or related criminal activities to those charged in the complaint or indictment. *See Barker*, 2017 WL 345643, at *14. "This Court has imposed special conditions precluding certain defendants indicted for preparing fraudulent tax returns from preparing tax returns for others while on release and precluding certain defendants charged with submitting fraudulent billing to federal health care programs from billing to those programs while on release." *Id.*

## IV.    Standards for and application of Section 3142(g) factors

To make all these determinations under 18 U.S.C. § 3142 regarding possible detention or release with or without conditions, the Court must consider the available information concerning the 18 U.S.C. § 3142(g) factors. *See United States v. Flores*, 53 F.4th 313, 315 (5th Cir. 2022); *United States v. Green*, 793 F. App'x 223, 225 (5th Cir. 2019); *Rueben*, 974 F.2d at 586; *Fassler v. United States*, 858 F.2d 1016, 1018 n.4 (5th Cir. 1988); *United States v. Parker*, 848 F.2d 61, 62 (5th Cir. 1988); *United States v. Jackson*, 845 F.2d 1262, 1264-66 (5th Cir. 1988); *Westbrook*, 780 F.2d at 1189.

But the Court is not required to expressly "address any specific conditions of release and why they would be inadequate." *Aziz*, 2022 WL 1056102, at *3.

In this case, the Court has considered the testimony of the case agent, the complaint and supporting affidavit, and the report of the pretrial services officer, in

light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the charged offense; the apparent weight of the evidence against Defendant; Defendant's history and characteristics; whether Defendant was, at the time of the current offense or arrest, on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

As to the Section 3142(g)(1) factor – "the nature and circumstances of the offense charged" – the Fifth Circuit has credited district courts' emphasizing "the amount of drugs involved in [a] case and the fact that [a defendant] faced a lengthy punishment." *Flores*, 53 F.4th at 315.

As to the Section 3142(g)(2) factor – "the weight of the evidence against the person" – the Fifth Circuit has held that "[t]he government's introduction of extrinsic incriminatory evidence ... is a required feature of the government's proof," and all the more so where (unlike in this case) the government invokes the Section 3142(e)(3) rebuttable presumption. *See Jackson*, 845 F.2d at 1264-66.

And the United States Court of Appeals for the Second Circuit has offered reasoning that explains how this factor plays into a decision on whether to release or detain a defendant. The Court of Appeals recently explained that a district court properly considered this factor "in determining that there was significant evidence that [a defendant] had in fact committed the charged murder" and that the proffered witness testimony and other evidence all "formed a strong case against him"; that,

-11-

"[i]n making a predictive assessment of the defendant's future dangerousness if released into the community, common sense and § 3142(g)(2) aligned with the district court's consideration of the strength of this evidence, especially coupled with the nature of the charged offense"; and that "[i]t stands to reason that the more strongly the evidence indicated that the defendant committed the murder, the more likely he poses a danger to the community if released on bail." *United States v. Zhang*, 55 F.4th 141, 150 (2d Cir. 2022) (cleaned up). And, as to risk of flight, the Court of Appeals observed that, just as (relevant to the Section 3142(g)(1) factor) "[t]he prospect of a severe sentence can create a strong incentive for a defendant to flee and thereby avoid that sentence," where "the evidence against a defendant is strong, it follows that the defendant faces an elevated risk of conviction (and of the attendant punishment), and therefore may present an elevated risk of flight." *Id.* at 151.

As to the Section 3142(g)(3)(A) factor – "the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" – the Fifth Circuit has recently affirmed a detention order where, even where a defendant "presented evidence of his family connections, work history, lack of prior felonies, past compliance with bond conditions, and insufficient resources to flee," "the record also shows that [the defendant] previously used and distributed drugs under his parents' roof" and "used drugs on a weekly basis and committed the instant charged offenses while on state

-12-

probation." *Flores*, 53 F.4th at 315-16.

And, as to danger to the community, the Fifth Circuit has held that the government met its burden as to detention where it "presented substantial evidence to show that [the defendants] have continuously engaged in the trafficking of drugs for several years, including while being on parole or shortly after being released from parole" and where the defendants "presented absolutely no evidence whatsoever to indicate that they will not continue to engage in drug trafficking if released on bail pending trial." *Rueben*, 974 F.2d at 587.

As to the Section 3142(g)(3)(B) factor – "the history and characteristics of the person, including ... whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law" – the Fifth Circuit has affirmed that a district court is "allowed to consider the fact that [a defendant] was arrested while on parole from the state law conviction." *United States v. Barker*, 876 F.2d 475, 476 (5th Cir. 1989).

As to the Section 3142(g)(4) factor – "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" – "applies when detention is premised on risk to the community." *Aziz*, 2022 WL 1056102, at *3 n.1. As to this factor, the Fifth Circuit has recently explained that a "district court correctly recognized our precedent holding 'that the risk of continued narcotics trafficking on bail does constitute a risk to the community," where the defendant "was involved in trafficking a significant quantity of drugs and previously

-13-

committed other drug offenses." *Flores*, 53 F.4th at 315 (quoting *Rueben*, 974 F.2d at 586).

In this case, the evidence as presented or proffered at the detention hearing shows that

- Defendant was previously convicted in state court of robbery and aggravated robbery on December 14, 2008 and sentenced in 2009 to 5 years imprisonment;
- Defendant was sentenced in 2021 to probation in state court for unlawful possession of a weapon and remains on probation for that charge;
- Defendant admittedly has used marijuana while on probation;
- Defendant, while driving to or from the bookstore at which he has worked for the last 7 years, was subjected to a traffic stop on January 5, 2026 and arrested based on outstanding misdemeanor warrants, and, while conducting an inventory following the arrest, officers found a firearm in the trunk of the car that he alone was operating and that is co-registered to Defendant and his common-law wife;
- the firearm was seized and remains in law enforcement custody, and Defendant's common-law wife would testify that she owns the firearm and accidentally left it in the trunk of the car after she last used the case by herself; and,
- during recorded jail calls following his arrest, Defendant asked his common-law wife to remotely delete text messages from his phone (which the police had seized) and asked her to swear out an affidavit attesting that she owns the firearm found in the trunk and made a statement that the government interprets as admitting that the police found the firearm in his possession.

The government does not seek detention based on an alleged risk of nonappearance. And so the Court must determine whether any combination of conditions will reasonably assure the safety of the community if Defendant were to be released.

The identified and articulable – and future or ongoing – threat to the community that the government points to is the danger that Defendant will continue possessing firearms as a convicted felon.

-14-

Firearm possession involves inherent risks and possible dangers – and is prohibited under federal law by persons with felony convictions – but is not otherwise any inherently violent crime. *Cf.* 18 U.S.C. § 3142(f)(1)(E). And the Court can, and often does, impose a special condition of pretrial release that prohibits a defendant from possessing any firearm. *See* 18 U.S.C. § 3142(c)(1)(B)(viii).

Defendant's prior felony convictions for robbery and aggravated robbery involve violent crimes, but there is no evidence before the Court that, since his release from his prison term for those offenses, Defendant has engaged in other violent activity. And there is no evidence that Defendant has possessed a firearm since 2021, prior to January 5, 2026.

And the particular facts in this case do not support a firm belief or conviction that the Court cannot be reasonably assured that Defendant will comply with a condition prohibiting him from any possession of a firearm while on release. Defendant's asking his wife to delete text messages – reportedly, according to his wife's proffered testimony, based on a concern that they would reveal marijuana use while on probation – may weigh against the Court's being convinced that Defendant will comply with conditions of release.

But the Court's task is to set the least restrictive combination of conditions that will reasonably assure – not guarantee – the safety of the community while Defendant is on release. And Defendant's ill-advised request to his wife does not convince the Court that he is unlikely to abide by the Court's condition that – consistent with the prohibition under federal law, for which he is now facing a

possible federal prisoner sentences – he not possess any firearm.

And, here, the weight of the evidence against Defendant is strong enough to support probable cause, but there is a possible case to be litigated on some of the elements of the charged offense based on the facts presented so far. While Defendant is on probation, there is no evidence of his engaging in any violent activity since 2008 or possessing a firearm outside of his home (where the 2021 offense conduct apparently took place) prior to January 5, 2026. And Defendant has long-term employment, a stable residence, and lifelong ties to the community.

Under these circumstances and considering the available information concerning in light of the Section 3142(g) factors, the Court finds that the government has not established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community if Defendant is released.

The Court determines, under Section 3142(c)(1), that a combination of requiring Defendant to report to and be supervised by Pretrial Services and to maintain employment; prohibiting Defendant from possessing any firearm and using or unlawful possessing any narcotic drug or other controlled substances (as defined by federal law); requiring Defendant to submit to testing for prohibited substance use; requiring Defendant to report any further contact with law enforcement; and ordering Defendant to surrender his passport and not to obtain another one while on release (to account for his reported planned vacation to Jamaica) amount to the least restrictive combination of conditions that will reasonably assure Defendant's

-16-

appearance as required and the safety of any other person and the community while Defendant is on release. *See* 18 U.S.C. § 3142(c)(1)(B)(ii), (vi), (viii), (ix), (xiv).

For these reasons, and as the Court explained on the record at the end of the detention hearing, the Court denies the government's motion for detention [Dkt. No. 3] and orders Defendant Aaron Tyrone Betford released under 18 U.S.C. § 3142(c)(1) subject to the conditions in the Court's Order Setting Conditions of Release separately entered in this case.

SO ORDERED.

DATED: January 9, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-17-